UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 - 3410**

Monserate Fernandez,

                    Plaintiff,

          v.                                             Civil Action No.: _____

Oxygen Recovery Group;
DCQ, LLC;
Credit Control, LLC,
and DOES 1-5, inclusive,

                    Defendants.

DEARIE, J.

MANN, M.J.

## COMPLAINT

Plaintiff, Monserate Fernandez, seeks redress for violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692, et seq., and the Fair Credit Reporting Act, 15 U.S.C.

§1681 by Defendants and their agents in their illegal reporting and efforts to collect a consumer

debt. Plaintiff, by way of this Complaint, states as follows:

## JURISDICTION AND VENUE

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692, et.seq., ("FDCPA"), and the Fair Credit Reporting

Act, 15 U.S.C. §1681, ("FCRA"). Pursuant to 15 U.S.C. §1692k(d), this Court has jurisdiction

over actions arising out of violations of the FDCPA; and pursuant to 28 U.S.C. §1331, the Court

has jurisdiction over actions arising out of violations of the FDCPA and the FCRA.

2.      Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all

other claims in this action, as all such claims arise out of the same case or controversy that is

described herein.

1

3.     Pursuant to 28 U.S.C. §1391(b), venue is proper in this District, as Defendants transact business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4.     The Plaintiff, Monserate Fernandez ("Plaintiff"), is an adult individual residing in Queens, New York, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3) and 15 U.S.C. §1681(a).

## OXYGEN RECOVERY GROUP

5.     Upon information and belief, Defendant Oxygen Recovery Services is a business located in New York State with an address of 386 Route 59, Ste 403, Airmont, NY 10952, with a listed telephone number of 1-845-369-3507. Upon information and belief, Oxygen Recovery Services operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

6.     According to a records search with the New York State Department of State, Oxygen Recovery Services is not a registered corporation, LLC, or LLP.

7.     Upon information and belief, Defendant Oxygen Recovery Services in not licensed to do business in New York State.

8.     Upon information and belief, and based upon our office's review of records with the New York City Department of Consumer Affairs, "Oxygen Recovery Services" is a trade name for another entity : DCQ, LLC.

## CREDIT CONTROL, LLC, d/b/a "CCS CREDIT COLLECTIONS," "CCS," "CREDIT CONTROL," and "CREDIT CONTROL SERVICE"

9.     Upon information and belief, Defendant Credit Control, LLC,. is a Missouri business with a principal address at 5757 Phantom Dr., Ste. 330, Hazelwood, MO 63042. Upon

2

information and belief, Defendant Credit Control, LLC, operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

10.     Upon information and belief, and based upon our office's review of records with the New York City Department of Consumer Affairs, Defendant Credit Control, LLC, also operates under the name "CCS Credit Collections," "CCS," "Credit Control," and "Credit Control Service[s]."

11.     Upon information and belief, Credit Control, LLC, operating under the fictitious name, "Credit Control Service," has a listed address at 386 Route 59, Ste 403, Airmont, NY 10952, with a listed telephone number of 1-845-369-3507. ("Credit Control Services" and "Oxygen Recovery Group" have the same listed address and phone number. *See http://www.superpages.com/yellowpages/C-Collection+Agencies/S-NY/T-Airmont/*)

12.     Upon information and belief, and based upon our office's review of records with the New York City Department of Consumer Affairs, "CCS Credit Collections" is a trade name for another entity : DCQ, LLC.

13.     Upon information and belief, and based upon our office's review of records with the New York City Department of Consumer Affairs, "CCS Credit Collections" and "Oxygen Recovery Group" both have *identical* addresses listed with the New York City Department of Consumer Affairs.

### DCQ, LLC

14.     Upon information and belief, Defendant DCQ, LLC, is a business located in New York State with an address of 1183 East 23rd Street, Brooklyn, NY 11220. Upon information and belief, DCQ, LLC, operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

3

15.     Upon information and belief, and based upon our office's review of records with the New York City Department of Consumer Affairs, DCQ, LLC, operates under two trade names, "CCS Credit Collections" and "Oxygen Recovery Group," both of which have an address listed at 386 Route 59, Ste 403, Airmont, NY 10952.

16.     Upon information and belief, the Defendants were affiliated with, owned by, controlled by, working with, colluding with, or cooperating with one another to collect the Plaintiff's alleged debt.

17.     DOES 1-5 (the "Collectors") are individuals employed by the Defendants, whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

18.     At all times, the Defendants acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

19.     The Plaintiff was sued in Civil Court of the City of New York, County of Queens, in approximately December, 2010, by Wexford Apartments LLC (hereafter "Wexford" or "Creditor"). The suit was initiated *via* a petition for non-payment, Index L&T 83828/10. The amount claimed on the petition was $4,020.00.

20.     On January 30, 2011, the Plaintiff filed an answer in which the Plaintiff denied all allegations in Wexford's petition.

21.     On March 10, 2011, the attorneys for Wexford and the Plaintiff and his attorney signed a stipulation. This stipulation required the Plaintiff to surrender possession of the disputed premises.

22.     In no part of the aforementioned stipulation did the Plaintiff agree to pay, or that he is liable for, the amount stated in the petition ($4,020.00).

4

23.     According to the aforementioned stipulation, both parties reserved defenses. The stipulation also contained a barely legible writing which, upon information and belief, states that "Petitioner alleges sums $7,845.00 in arrears (arrears to date) for placing action. Respondent reserves defenses." No part of the stipulation contained an admission of arrears by the Respondent (the Plaintiff in this action), and no part of the stipulation contained an agreement to pay any amount.

24.     Pursuant to this stipulation, the civil court entered a judgment on March 10, 2011, against Mr. Fernandez (the Plaintiff in this action) "for a total amount of $0.00."

25.     The Plaintiff never received any written or oral communication in any individual or entity stating that Wexford had placed any amount in collections.

26.     Although the Plaintiff denies the Debt, the alleged Debt would have arisen from services provided by Wexford (who is a "Creditor" as defined in the FDCPA and who is listed as the "original creditor" on the Plaintiff's Experian credit report) which were primarily for family, personal, or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

27.     Upon information and belief, the alleged Debt was purchased, assigned, or transferred to the Defendants for collection, or the Defendants were employed by the Creditor to collect the alleged Debt.

28.     The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. §1692a(2).

29.     After the conclusion of the nonpayment proceeding, the Plaintiff never received any written or oral communication (with the exception of the collections call described *infra*) that Wexford was attempting to collect a debt.

## A. Defendants Engaged in Harassment, Abuse, Misleading Representations, and Unfair Practices

30.     In September, 2011, the Plaintiff received approximately three calls on his cellular phone from 1-347-632-2933.

31.     Upon information and belief, and based on an internet search conducted by our office, the number 1-347-632-2933 is linked to listings by "Credit Control." The address listed for "Credit Control" is 1650 Eastern Parkway, Brooklyn, NY 11233, tel: 1-347-632-2933 (*http://localdirectory.nydailynews.com/credit+control.9.76035134p.home.html*).

32.     Upon information and belief, and based on an extensive internet search by our office, the "Credit Control" listing points to a website for Credit Control, LLC (http://www.credit-control.com/).

33.     The telephone number, 1-347-632-2933, is listed on the New York City Department of Consumer Affairs website and is associated with "CCS Credit Collections" and "DCQ, LLC."

34.     The caller from the aforementioned number identified himself as a representative at Oxygen Recovery Services (the representative hereafter " Collections Agent").

35.     The Plaintiff never provided the Defendants, or any other collections agency, permission to contact him on his cellular phone.

36.     During the aforementioned calls, the Collections Agent told the Plaintiff that "you owe money and you need to pay us!"

37.     During the aforementioned calls, the Collections Agent said that the Plaintiff owed money to its client and that the Plaintiff had to pay the amount.

38.     During the aforementioned calls, the Collections Agent repeatedly requested that Plaintiff admit to the owing an amount.

6

39.     During the aforementioned calls, the Collections Agent asked the Plaintiff, "do you want us to instruct our client to go further with this?"

40.     During the aforementioned calls, the Collections Agent made vague threats to take actions that were not clarified, such as stating that it would instruct its client to go further.

41.     At no point in the aforementioned calls did the Collections Agent inform the Plaintiff that he has a right to dispute the alleged debt.

42.     At no point in the aforementioned call did the Collections Agent inform the Plaintiff of the name of the party or person or creditor who is alleging that he has a debt.

43.     During the aforementioned call, the Plaintiff indicated that he does not owe any amount to the debt collector's client.

44.     The Plaintiff was *never* provided any written communication from the Defendants, either before or after the aforementioned phone conversation.

45.     The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B. Plaintiff Suffered Actual Damages Resulting From  Harassment, Abuse, Misleading Representations, and Unfair Practices

46.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

48.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

7

49.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## C. Defendants Illegally Reported a Disputed Debt to a Credit Agency and Failed to Correct or Investigate Inaccuracies

50.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     During the telephone conversation detailed *supra*, the Plaintiff disputed the allegation that he owes an amount to the Collections Agent's client.

52.     In May, 2012, the Plaintiff received a written communication from Experian, a credit reporting agency also known as Experian Information Solutions, Inc (hereafter "Experian"). This written communication stated that the Plaintiff owes $6,170.00 (hereafter the "Debt") to WEXFORD APTS LLC (or "Creditor) as Original Creditor.

53.     Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a.

54.     Prior to receiving the above-mentioned credit report, the Plaintiff did not receive any written or oral notice from either the Defendants or the Creditor that his account was being placed in collections.

55.     The aforementioned credit report indicated a past due amount of $6,170.00, which was reported by Defendant Oxygen Recovery Group.

56.     Upon information and belief, Oxygen Recovery Group is affiliated with, owned by, controlled by, or working with the other Defendants.

57.     The aforementioned credit report does not indicate that the amount reported by Oxygen Recovery Group was disputed by the consumer.

8

58.     The aforementioned credit report indicated the following "Account Type :

Collection Department / Agency / Attorney," and "Payment States : Seriously past due date /

assigned to attorney, collection agency, or credit grantor's internal collection department."

59.     After examining the aforementioned report, the Plaintiff filed a dispute with

Experian in May, 2012.   On or about May 25, 2012, the Plaintiff received a report from

Experian entitled "Investigation Results."

60.     The "status" section of the above-mentioned Investigation Results stated

"collection account, $6,170 past due as of May 2012."  The "status details" stated "this account

is scheduled to continue on record until Jan 2018.  This item was updated from our processing of

your dispute in May 2012."

61.     The aforementioned Investigation Results did not indicated what steps were

taking to verify or check the accuracy of Oxford Recovery Group's entry.

### D. Plaintiff Suffered Actual Damages Resulting from Defendant's Illegal Reporting of a Disputed Debt to a Credit Agency and Failure to Correct or Investigate Inaccuracies

62.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

63.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

Defendants' unlawful conduct.

64.     As a direct consequence of the Defendants' acts, omissions, practices and

conduct, the Plaintiff has suffered economic hardship and economic disadvantages, and such

hardship and disadvantages has been the direct consequence of Defendants' illegal reporting of a

disputed, inaccurate, and false debt to a credit agency.

9

65. As a direct consequence of the Defendants' acts, omissions, practices and conduct, the Plaintiff has suffered economic hardship and economic disadvantages, and such hardship and disadvantages has been the direct consequence of Defendants' failure to correct their illegal reporting of a disputed, inaccurate, and false debt to a credit agency.

66. As a direct consequence of the Defendants' acts, omissions, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

67. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

68. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The Defendants' conduct violated 15 U.S.C. §1692g(a) in that Defendants failed to send the Plaintiff a written validation after the initial communication.

70. The Defendants' conduct violated 15 U.S.C. §1692d(2) in that Defendants used language the natural consequence of which was to abuse the Plaintiff.

71. The Defendants' conduct violated 15 U.S.C. §1692e(10) in that Defendants employed false and deceptive means to collect a debt.

72. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that is not intended to be taken.

10

73.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants made a false implication Plaintiff committed conduct in order to disgrace Plaintiff.

74.     The Defendants' conduct violated 15 U.S.C. §1692d(3) in that Defendants did not provide the credit reporting agency with accurate information about the Debt being disputed.

75.     The Defendants' conduct violated 15 U.S.C. §1692e(8) in that Defendants communicated to any person credit information which is known or which should be known to be false.

76.     The Defendants' conduct violated 15 U.S.C. §1692e(2)(A) in that Defendants misrepresented the character, amount, and legal status of the Debt.

77.     Upon information and belief, the Defendants have violated 15 U.S.C. 1692(e)(14) by using different company names to collect a debt.

78.     Upon information and belief, the Defendants have violated 15 U.S.C. 1692(e)(14) by using false or untrue company names to collect a debt.

79.     The Defendants' conduct violated 15 U.S.C. §1692f(1) in that Defendants attempted to collect an amount more than the original amount of the Debt, assuming the original amount of the Debt is valid.

80.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

81.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, et seq.

82.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11

83.     The Defendants' conduct violated 15 U.S.C. §1681s-2(a)(1)(A) in that Defendants furnished information relating to a consumer to a consumer reporting agency that Defendants knew or had reasonable cause to believe was inaccurate.

84.     The Defendants' conduct violated 15 U.S.C. §1692s-2(a)(1)(B) in that Defendants furnished information relating to a consumer to a consumer reporting agency after being notified by the consumer that specific information regarding the alleged Debt was inaccurate, and the information was in fact inaccurate.

85.     The Defendants' conduct violated 15 U.S.C. §1692s-2(a)(3) in that Defendants furnished information to a consumer reporting agency without notice that such information is disputed by the consumer.

86.     The Defendants' conduct violated 15 U.S.C. §1692s-2(a)(8) in that Defendants, after receiving a notice of dispute from the consumer, failed to conduct an investigation pertaining to the dispute.

87.     The foregoing acts and omissions of the Defendants constitute numerous and multiple willful violations of the FCRA, including every one of the above-cited provisions.

88.     The foregoing acts and omissions of the Defendants constitute numerous and multiple negligent violations of the FCRA, including every one of the above-cited provisions.

89.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against each Defendant:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional,

12

reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Actual damages including, but not limited to, the economic hardship the Plaintiff has suffered and continues to suffer as a result of the willful FCRA violations pursuant to 15 U.S.C. §1681n(a)(1);

4. Actual damages including, but not limited to, the economic hardship the Plaintiff has suffered and continues to suffer as a result of the negligent FCRA violations pursuant to 15 U.S.C. §1681o(1);

5. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), 15 U.S.C. §1681n(a)(3), and 15 U.S.C. §1681o(b);

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 10, 2012

Respectfully submitted,

By: _____

Hashim Rahman, Esq.

Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax:    (347) 382-9457